**AMERICAN TRAIN DISPATCHERS ASSOCIATION, Plaintiff–Appellant,**

v.

**NORFOLK & WESTERN RAILWAY COMPANY, Defendant–Appellee.**

No. 90–3757.

United States Court of Appeals, Seventh Circuit.

Argued May 29, 1991.

Decided July 17, 1991.

Marvin Gittler, Asher, Gittler, Greenfield, Cohen & D'Alba, Chicago, Ill., Michael S. Wolly, and Neil I. Ditchek, Mulholland & Hickey, Washington, D.C., for plaintiff-appellant.

James S. Whitehead, Sidley & Austin, Chicago, Ill., for defendant-appellee.

Before BAUER, Chief Judge, and WOOD, Jr. and KANNE, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

The American Train Dispatchers Association (ATDA) filed a petition in district court against Norfolk and Western Railway Company (N & W) under 45 U.S.C. § 153, First (q) seeking review of an arbitration award by the National Railroad Adjustment Board (Adjustment Board) regarding a labor dis-

pute. The district court granted N & W's motion to dismiss under Fed.R.Civ.P. 12(b)(6) and denied ATDA's cross motion for summary judgment. The only question for review on appeal is whether the Adjustment Board acted outside its jurisdiction in dismissing a railroad labor contract claim. We hold that it did not, and affirm.

## BACKGROUND

A dispute arose between the ATDA and N & W over work assignments at the Muncie, Indiana office of N & W. On October 4, 1984, ATDA filed a grievance with N & W complaining that in violation of the collective bargaining agreement some non-union employees called chief train dispatchers were being assigned to perform duties reserved for assistant chief train dispatchers who were union members. The agreement provided that if N & W failed to notify ATDA of the reasons for disallowing the claim within 60 days, then "the claim shall be allowed as presented." N & W failed to notify ATDA that the claim was denied until after the deadline passed.

After failing to resolve the claim amongst themselves, the parties submitted it to the Third Division of the Adjustment Board. See 45 U.S.C. § 153, First (i). This three member Board is made up of one N & W representative, one union representative and a third non-partisan member agreed to by both sides. Before the Adjustment Board, N & W argued that ATDA's claim was barred by the time provisions of the agreement because ATDA had previously withdrawn from arbitration an identical pending claim regarding assistant chief train dispatchers in 1982. For its part, ATDA argued that its claim was not barred by the time provisions because N & W failed to respond to the second claim in a timely fashion. In a written opinion, the Adjustment Board rejected ATDA's claim. The Board ruled that because ATDA's second claim was identical to the earlier claim, the latest claim was time barred under the language of the agreement. The union Board member dissented, stating that the second claim was not a refiling of the first claim and that even if it was, the claim

should be paid until N & W issued its first denial letter.

After ATDA's petition for review, the district court granted N & W's motion to dismiss and denied ATDA's cross-motion for summary judgment. The court held that ATDA could not allege that the Adjustment Board based its decision on something outside the contract and therefore the Board could not have been outside its jurisdiction when it rejected the claim.

## ANALYSIS

The scope of judicial review for Adjustment Board decisions is "among the narrowest known to the law." *Union Pacific Railroad v. Sheehan*, 439 U.S. 89, 91, 99 S.Ct. 399, 401, 58 L.Ed.2d 354 (1978). Judicial review of Board orders is limited to three specific grounds: (1) failure of the Board to comply with the requirements of the Railway Labor Act; (2) failure of the Board to confine itself to matters within the scope of its jurisdiction; and (3) fraud or corruption. 45 U.S.C. § 153, First (q). "This statutory language means just what it says." *Sheehan*, 439 U.S. at 93, 99 S.Ct. at 402. The question is not whether the Board erred, clearly erred or grossly erred in interpreting the contract, but whether it interpreted the contract at all. *Hill v. Norfolk and Western Ry. Co.*, 814 F.2d 1192, 1195 (7th Cir.1987); *Brotherhood of Locomotive Eng'rs v. Atchison, Topeka & Santa Fe Ry. Co.*, 768 F.2d 914, 921 (7th Cir. 1985). As the Supreme Court has "emphasized and re-emphasized", this limited standard of review exists because "Congress intended minor grievances of railroad workers to be decided finally by the Railroad Adjustment Board." *Gunther v. San Diego & Arizona Eastern Ry. Co.*, 382 U.S. 257, 263, 86 S.Ct. 368, 372, 15 L.Ed.2d 308 (1965).

■ As a general matter, the Adjustment Board acts within its jurisdiction when it interprets the procedural requirements of a collective bargaining agreement. For example in *Sheehan*, a former railroad employee had not filed a complaint in the district court within the time requirement of a collective bargaining agreement.

The Supreme Court stated that "the Adjustment Board certainly was acting within its jurisdiction and in conformity with the requirements of the Act by determining the question of whether the time limitation of the governing collective-bargaining agreement was tolled by the filing of respondent's [earlier] state-court action." *Id.*, 439 U.S. at 93, 99 S.Ct. at 402. So ATDA cannot argue that the Adjustment Board failed to comply with the Act or acted outside its jurisdiction in dismissing the claim on timeliness grounds. Also, ATDA makes no suggestion of fraud, corruption or the ordering of an illegal act.

■ ATDA's only argument can be that the Adjustment Board in reaching this procedural issue ignored the language of the collective bargaining agreement and instead pulled its reasoning from thin air by applying its own notions of fairness. N & W argued before the Adjustment Board that the Board had no jurisdiction to hear ATDA's 1984 claim because it was a refiling of the 1982 claim that ATDA had withdrawn and which had expired under the time limits set in paragraphs (c) and (d) of Attachment "A" to the collective bargaining agreement.[1] Therefore, the argument went, N & W's failure to deny ATDA's second claim within 60 days as required by paragraph (a) of Attachment A to the collective bargaining agreement was irrelevant. In accepting this argument, the Board stated that "[t]he most significant and critical aspect of the Claim before the Board is the fact that an identical claim was filed on February 4, 1982." The Board also reviewed the provisions of the agreement relating to procedural time limits for claims, stating:

[a] reasonable reading of (d) and (c) is that continuing claims need not observe the 60 day time limit for initial filing. However, nothing would allow the refiling of a defective claim once it was barred under the time limits. It is apparent that since the first claim was effectively never presented to the Board within the time limits its subject is barred. A claim, whether continuing or not, cannot have new life breathed into it once it has expired. The continuing nature excuses a late initial filing (i.e. are not filed within 60 days) but does not alter other procedure requirements or subsequent violations of time limit rules. If it did, paragraph (c) would have no meaning. The rule must be construed to give meaning to all its aspects.

The Board concluded that "the claim was barred from resubmission in the first place and any subsequent procedural irregularities are irrelevant."

The Adjustment Board did indeed interpret the language of the collective bargaining agreement in reaching its decision. Specifically, the Board relied on paragraphs (c) and (d) of the agreement to determine that because ATDA's procedural default on the 1982 claim preceeded N & W's subsequent default under paragraph (a) on the identical 1984 claim, resubmission of the later claim was barred by the abandonment of the former. In reaching this conclusion, the Board had to choose between conflicting provisions of the agreement that could have led to two opposite results. The fact that the Board resolved this question by interpreting the contract ends the matter for purposes of federal court review. *See Hill*, 814 F.2d at 1195.

---

1. Regarding continuing claims like the one presented here, the collective bargaining agreement provided in (c) and (d) of Attachment "A" to the July 8, 1976 letter agreement between the parties that:

(c) the requirements outlined in Paragraphs (a) and (b), pertaining to appeal by the employee and decision of the Carrier, shall govern in appeals taken to each succeeding officer, except in cases of appeal from the decision of the highest officer designated by the Carrier to handle such disputes. All claims or grievances involved in a decision by the high-

est designated officer shall be barred unless within 9 months from the date of said officer's decision proceedings are instituted by the employee or his duly authorized representative before the appropriate division of the National Railroad Adjustment Board....

(d) A claim may be filed at any time for an alleged continuing violation of any agreement and all rights of the claimant or claimants involved thereby shall, under this rule, be fully protected by the filing of one claim or grievance based thereon as long as such alleged violation, if found to be such, continues.

## CONCLUSION

We close by reminding the parties that Congress created the Adjustment Board to promote stability in labor-management relations in the railroad industry by providing effective and efficient remedies for the resolution of minor railroad-employee disputes like the one presented here. *See Sheehan,* 439 U.S. at 94, 99 S.Ct. at 402. As the Supreme Court stated in *Sheehan,* "[t]he effectiveness of the Adjustment Board in fulfilling its task depends on the finality of its determinations." *Id.* We can find no reason for upsetting that finality in this case. The decision of the district court granting N & W's motion to dismiss and denying ATDA's cross-motion for summary judgment is

AFFIRMED.